UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| ALEXANDER PATTERSON, IV, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. CV416-042 |
| BRENDA EUNICE MINCEY PATTERSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

In what is nominally a 42 U.S.C. § 1983 complaint, Alexander Patterson appears to sue several relatives for claims unknown. Doc. 1.[1] No stranger to this Court,[2] Patterson has once again filed completely unintelligible documents. *See, e.g., id.* at 1 ("Nullification state and

---

[1] Patterson also filed another § 1983 claim on the same day as this case. *See Patterson v. Price*, No. CV416-041 (S.D. Ga. Feb. 5, 2016). That case is assigned to a different district judge, but suffers the same flaws as this one. Hence, reassignment of one case to the district judge responsible for the other case may be appropriate.

[2] *See Patterson v. "Cheryl"*, No. MC402-7 docs. 4 & 7 (S.D. Ga. May 15, 2002) (Report and Recommendation (R&R) and Judgment dismissing case on abandonment grounds); *Patterson v. Gen. Colin J. Powell*, No. CV408-120, doc. 3, 5 (S.D. Ga. July 14, 2008) (R&R and Judgment dismissing case as frivolous); *Patterson v. Moore*, No. CV408-106 docs. 4, 8 (S.D. Ga. July 7, 2008) (same -- dismissed as frivolous); *Patterson v. Chisolm*, No. CV409-165 doc. 3, 6 (S.D. Ga. Oct. 21, 2009) (same).

federal law abolish, embodiment universal rights suppress civil complaint legalize C.F.R. 4 and C.F.R. 60, C.F.R. 19 federal codification law abolish.").[3] He also moves for leave to proceed *in forma pauperis* (doc. 2), which the Court **GRANTS**, but his case, unsurprisingly, should be **DISMISSED WITH PREJUDICE**.[4]

Patterson's prior episodes of "babbling nonsense" once earned him a frivolity bond in this Court. *Patterson v. Lock*, 2009 WL 4506600 at * 1 (S.D. Ga. Nov. 18, 2009) (imposing $100 bond for six months on all Patterson cases); *Moore v. Ga.-Pac. Corp.*, 2015 WL 9307307 at * 1 (S.D. Ga. Dec. 21, 2015) ("Because of his multi-decade, nonsensical paper war,

---

[3] His entire Complaint is more of the same (*i.e.*, it's completely incomprehensible). *See, e.g.*, CV416-042, doc. 1 at 19 ("Declared winner congratulation lottery (pat)terson Mincey gram's etc. diploma diplomatic exemption."). No second chance amendment option is necessary here because there's nothing to salvage. *See Bostic v. Chatham Cty. Jail*, 2015 WL 9302389 at * 4 (S.D. Ga. Dec. 21, 2015), *adopted*, 2016 WL 347692 (S.D. Ga. Jan. 28, 2016) (citing *Dysart v. BankTrust*, 516 F. App'x 861, 865 (11th Cir. 2013) ("[D]istrict court did not err in denying Dysart's request to amend her complaint because an amendment would have been futile."); *Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426–27 (11th Cir. 2010); *Simmons v. Edmondson*, 225 Fed.Appx. 787, 788–89 (11th Cir. 2007) (district court did not err in dismissing complaint with prejudice without first giving plaintiff leave to amend because no amendment could have overcome the defendants' immunity)).

[4] Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss IFP complaints if they are frivolous, malicious, or fail to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Patterson's lack any basis in anything, much less law or fact.

this Court imposed a $100 frivolity bond before any case he presses in the Southern District may proceed. . . . Because Moore still has not paid the required $100 frivolity bond, his Fed. R. Civ. P. 72(a) objection (doc. 20) should be OVERRULED and this case should be DISMISSED"), *adopted*, 2016 WL 439325 (S.D. Ga. Feb. 3, 2016) (footnote omitted). Given his current case's inanity, that's again appropriate.[5] For the next twelve months, then, Patterson should be barred from filing any more lawsuits until he first posts a $100 frivolity bond. If that fails to stem his frivolity, sterner measures may be appropriate. *See Hurt v. Zimmerman*, No. CV415-260, doc. 3 (S.D. Ga. Oct 7, 2015), *adopted* doc. 5.

To summarize: Patterson's motion to proceed IFP (doc. 2) is **GRANTED**. This case should then be **DISMISSED WITH PREJUDICE** as frivolous and Patterson should, for a period of twelve months, be required to pay a $100 frivolity bond before he is allowed to

---

[5] As this Court reasoned in *Lock*:

> The public should not be forced to absorb the cost of an individual's reckless "I'll sue you!" impulses. And no amount of sympathy for the mentally imbalanced can justify the unchecked clogging of judicial channels with demonstrably demented musings. Lunatics are simply not allowed to run the asylum.

2009 WL 4506600 at * 1.

file any case.

**SO REPORTED AND RECOMMENDED,** this <u>  10th  </u> day of February, 2016.

_signature_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA